# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
April 3, 2013

Lyle W. Cayce
Clerk

No. 12-60432
Summary Calendar

DEBRA L. KENT,

Plaintiff-Appellant,

v.

VICKSBURG HEALTHCARE, L.L.C., doing business as River Region
Medical Center; DARLENE WHITE, Individually and in her Official
Capacity,

Defendants-Appellees.

Appeals from the United States District Court
for the Southern District of Mississippi
U.S.D.C. No. 5:10-cv-195

Before STEWART, Chief Judge, and KING and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Plaintiff-Appellant, Debra Kent appeals the district court's grant of
summary judgment to Defendants-Appellees on her federal claims for racial
discrimination and retaliation under Title VII and 42 U.S.C. § 1981, and her
Mississippi state law claims for wrongful discharge and intentional infliction of
emotional distress ("IIED").  Kent also appeals the district court's determination

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

No. 12-60432

that Defendant-Appellee, Darlene White was not a proper defendant with respect to Kent's Title VII claims.

Additionally, Kent appeals the district court's grant of a protective order covering written reports from two state-sanctioned inspections of Defendant-Appellee, Vicksburg Healthcare's laboratory facilities.  Finally, Kent appeals the district court's taxation to her of costs for the transcripts and electronic recordings of various depositions of the main actors in this litigation.

We AFFIRM the final judgment of the district court in full.

## A.     Racial Discrimination and Retaliation Claims

For the reasons amply provided by the district court in its memorandum opinion, Kent did not make out a prima facie case of discrimination or retaliation sufficient to withstand summary judgment on her Title VII and 42 U.S.C. § 1981 claims.  *See Kent v. Vicksburg Healthcare, LLC*, No. 5:10-cv-195, 2012 WL 1556511, at *6-14 (S.D.Miss. Apr. 30, 2012) (Bramlette, J.).  Moreover, the district court correctly stated that White was not a proper Title VII defendant. *Id.* at *6 n.18.

## B.     Wrongful Discharge and IIED Claims

We similarly agree with the reasons provided by the district court that Kent cannot sustain her state law claims for wrongful discharge and IIED.  *See id.* at *14-17.

## C.     Issue Concerning the Protective Order

As for Kent's appeal concerning the protective order, it is longstanding precedent in this Circuit that:  "A trial court enjoys wide discretion in determining the scope and effect of discovery.  It is, in fact, unusual to find an abuse of discretion in discovery matters." *Sanders v. Shell Oil Co.*, 678 F.2d 614, 618 (5th Cir. 1982) (citations omitted).  Here, Kent argues, in essence, that the two reports are relevant because both she and White worked in laboratory management for Vicksburg Healthcare.  The district court determined that,

without more, this was insufficient reason for the reports to be discoverable. The district court's ruling was not an abuse of discretion.

## D.    Taxation of Costs Issue

As for the taxation of costs issue, "costs—other than attorney's fees—should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). "The trial court has broad discretionary powers in taxing costs. . . .   While [Rule 54(d)(1)] does not prevent a trial court from requiring a prevailing party to bear its own costs, the language of the rule reasonably bears the intendment that the prevailing party is prima facie entitled to costs." *Walters v. Roadway Express, Inc.*, 557 F.2d 521, 526 (5th Cir. 1977) (citations and internal quotation marks omitted). "[I]t is incumbent on the losing party to overcome that presumption." *Id.* (citation and internal quotation marks omitted).

Here, Kent challenges the necessity of various depositions taken by Defendants-Appellees of core actors in this litigation.   The district court determined that these depositions were necessary for taxation of costs purposes. We have previously stated that: "Whether a deposition or copy was necessarily obtained for use in [a] case is a factual determination to be made by the district court.   We accord the district court great latitude in this determination." *Fogleman v. ARAMCO*, 920 F.2d 278, 285-86 (5th Cir. 1991) (citations omitted). Kent has provided little reason for us to disrupt this latitude.  Accordingly, Kent cannot overcome the presumption that Defendants-Appellees are entitled to costs for the depositions at issue.

## E.    Conclusion

For the foregoing reasons, we AFFIRM the final judgment of the district court in full.